**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Gerald Wilson,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-14-1451-PHX-NVW (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Kingman, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 26, 2014 (Doc. 1). On November 21, 2014 Respondents filed their Response (Doc. 10). Petitioner filed a Reply on December 4, 2014 (Doc. 10). Respondents supplemented the record on February 20, 2015 (Doc. 12).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

On June 22, 2010, in the course of surveillance of a residence suspected to be a "drug house," a detective observed appellant drive away from the residence. The detective followed and observed Petitioner speeding. A marked police unit was called and stopped the vehicle. The detective approached and spoke to Petitioner, who advised

1

that he was a "prohibited possessor" and that there was a knife in the vehicle. Petitioner consented to having the knife removed, and in the course of retrieving it, the detective observed an expandable baton and a stun gun. The detective asked the other two occupants of the vehicle to exit. One held her purse, which she consented to having the detective search. Inside was a bag of methamphetamine. The vehicle was then searched, revealing a fake battery holding methamphetamine. Petitioner and the woman were placed under arrest. (Exhibit N, Mem. Dec. 4/12/12 at 3-5.) (Exhibits to the Limited Answer, Doc. 9, are referenced herein as "Exhibit ___.")

The officers determined that the suspected "drug house" was Petitioner's residence, and returned there. Petitioner's girlfriend was inside, and refused to consent to a search. Officers detained the girlfriend and performed a protective sweep of the house. The detective left to prepare a search warrant. Other officers remained and the girlfriend consented to speak with them. She admitted using methamphetamine, and that methamphetamine and paraphernalia were in the bedroom of the house, and at least two guns were in the house. The girlfriend was arrested and a search warrant was obtained and executed, revealing weapons and guns, methamphetamine and drug paraphernalia, a drug ledger, and fake batteries similar to the one found in the vehicle. (*Id.* at 5-6.)

**B. PROCEEDINGS AT TRIAL**

Petitioner was charged by information with seven felony counts, including: "Count 1, possession of dangerous drugs for sale, a class two felony; Counts 2, 3, and 5, misconduct involving weapons, each a class four felony; Count 4, possession or use of dangerous drugs, a class four felony; and Counts 6 and 7, possession of drug paraphernalia, each a class six felony." (Exhibit N, Mem. Dec. 4/12/12 at 2.) Count 5 was dismissed on the State's motion. (*Id.*)

Counsel filed a Motion to Suppress Evidence (Exhibit B) seeking to suppress the evidence seized at the traffic stop and residence. The motion was denied. (Exhibit G, M.E. 1/18/11.)

Petitioner and his girlfriend were tried together. (Exhibit N, Mem. Dec. 4/12/12 at 6.) Petitioner was found guilty of the remaining six counts, with the exception that on Count 1, the possession of drugs for sale, the jury found Petitioner guilty of the lesser included offense of possession of drugs. (*Id.*)

At sentencing, Petitioner was found to have two historical prior felony convictions, and was sentenced as follows: "minimum terms of eight years each for Counts 1 and 4; mitigated terms of six years each for Counts 2 and 3; and minimum terms of three years each for Counts 6 and 7." (*Id.* at 6-7.) Counts 1, 4, 6, and 7 were concurrent, and Counts 2 and 3 were concurrent with each other but consecutive to the other sentences. Effectively, therefore, Petitioner was sentenced to a combined prison sentence of 14 years. (*See also* Exhibit I, Sentence.)

### C.  PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal, and argued that the warrantless search of his vehicle and home violated, *inter alia*, the Fourth Amendment and Due Process Clause of the U.S. Constitution. (Exhibit K, Opening Brief.) The Arizona Court of Appeals rejected the arguments and affirmed Petitioner's convictions. (Exhibit N, Mem. Dec. 4/12/12.)

### D.  PROCEEDINGS ON POST-CONVICTION RELIEF

Petitioner then filed a Notice of Post-Conviction Relief (Exhibit O). Counsel was appointed but filed a Notice of Completion of Review (Exhibit Q) evidencing an inability to find an issue for review. Petitioner then filed a *pro per* Supplemental Petition (Exhibit R) asserting various claims attacking his inability to accept a plea offer, the misrepresentation of weapons evidence, an illegal search, and ineffective assistance of trial and appellate counsel.

The PCR court found all but the ineffective assistance claims "precluded as they were either raised or could have been raised on appeal." (Exhibit W, M.E. 2/19/13 at 4..)

The Court found that the claims of ineffective assistance were without merit. (*Id.*) Consequently, the petition was denied.

Petitioner then filed a Petition for Review (Exhibit X) asserting claims of illegal search, seizure and arrest, ineffective assistance of counsel on a variety of theories, and other errors. (A complete copy of Exhibit X is attached to Respondents' Supplement, Doc. 12.)

The Arizona Court of Appeals granted review, but denied relief. The court found that most of Petitioner's claims were not sufficiently developed in his Petition to be subject to review, and thus were abandoned and waived. The claim related to the suppression of the evidence was found precluded because raised on direct appeal, and the other claims he "could have raised on direct appeal" but did not. (Exhibit Y, Order 7/31/14 at 2-3.)

**E. PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 26, 2014 (Doc. 1). Petitioner's Petition asserts the following four grounds for relief:

1. **IAC re Plea** − "his attorney failed to provide fair and effective assistance when his co-defendant went to trial and a proffered plea was withdrawn" (Order 10/7/14, Doc. 4 at 2);

2. **IAC re Failure to Object** − "the prosecutor knew the 'arrest was not based on factual proof and that a plea offer had already been made' but appointed counsel failed to object in violation of the Fifth, Sixth, and Fourteenth Amendments" (i*d.*);

3. **IAC re Rejection of Plea by Co-Defendant and Evidence** − "the prosecutor offered his co-defendant probation, but she rejected the offer and Petitioner's attorney failed to preserve the plea agreement proffered to him in violation of his Sixth Amendment rights and rendered ineffective assistance in connection with evidence proffered at trial" (*id.*); and

4. **Wrongful Seizure** – "evidence found at a residence following the initial vehicle stop was admitted against Petitioner in violation of his Fourteenth Amendment rights" (*id.*).

**Response** - On November 21, 2014, Respondents filed their Response ("Limited Answer") (Doc. 9). Respondents argue Ground IV is an exclusionary rule claim barred from habeas review under *Stone v. Powell*, 428 U.S. 465 (1976) because Petitioner had a full and fair opportunity to litigate the claim in the state courts. Respondents further argue that all of Petitioner's claims are procedurally defaulted.

**Reply** - On December 4, 2014, Petitioner filed a Reply (Doc. 10). Petitioner argues: (1) that he had no full and fair opportunity to litigate his exclusionary rule claims because of the ineffective assistance of counsel and because the state court's decision was in error; (2) he fairly presented his claims to the state courts and properly exhausted his state remedies; and (3) there has been a miscarriage of justice.

**Supplements** – Noting the omission of page 2 of Exhibit X to the Answer, as well as the responsive or reply briefs in Petitioner's petition for review in his PCR proceeding, the Court directed Respondents to supplement the record. (Order 2/6/15, Doc. 11.) On February 20, 2015, Respondents complied (Doc. 12).

### III. APPLICATION OF LAW TO FACTS

#### A.  GROUND FOUR: EXCLUSIONARY RULE

Petitioner's Ground Four argues that the evidence found at his residence following the initial vehicle stop was admitted against Petitioner in violation of his Sixth and Fourteenth Amendment rights. (Petition, Doc. 1 at 9.)

Petitioner does not explain how the Sixth Amendment relates to this claim. That Amendment generally encompasses rights to: (1) a speedy and public trial; (2) an impartial jury from the same jurisdiction as the crime; (3) notice of the nature and cause of the accusation; (4) confrontation of witnesses; (5) compulsory process; (6) and the assistance of counsel. U.S.C. Const. Amend. VI. Petitioner does not allege any facts to

5

support a claim under any of these clauses.

Petitioner also relies upon the Fourteenth Amendment. That Amendment generally affords all citizens rights to due process and equal protection. U.S.C. Const. Amend. XIV. Petitioner does not identify the application of that Amendment to the factual allegations of his claim. However, this Court is obligated to liberally construe Petitioner's *pro se* Petition. *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).

The essence of Petitioner's Ground 4 is that the search of the house "cannot be obtained without search warrant," and therefore the evidence seized "can't be used to convict the defendant." (Petition, Doc. 1 at 9.) The Fourth Amendment governs searches and seizures. U.S.C. Const. Amend. IV. The Supreme Court has held that the Fourth Amendment calls for the exclusion of evidence obtained in violation of the Fourth Amendment, and has made that requirement applicable to the states through the Fourteenth Amendment guarantee of due process. *See Mapp v. Ohio*, 367 U.S. 643, 655 *et seq.* (1961).

Accordingly, the undersigned liberally construes Ground 4 to assert an exclusionary rule claim under the Fourth Amendment, as made applicable to the states under the Fourteenth Amendment.

Respondents argue that this Court's consideration of Ground 4 is nonetheless barred by the rule in *Stone v. Powell*, 428 U.S. 465 (1976).

"Exclusion is 'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search. The rule's sole purpose, we have repeatedly held, is to deter future Fourth Amendment violations." *Davis v. U.S.*, 131 S.Ct. 2419, 2426 (2011). In *Stone*, the Supreme Court recognized that habeas proceedings are so far removed from the offending conduct that any deterrent effect is outweighed by the societal cost of ignoring reliable, trustworthy evidence and the judicial burden of litigating collateral issues. Thus, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that

evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494.

The key to the limitation on the exclusionary rule in *Stone* is the provision of an "opportunity for full and fair consideration of [the defendant's] reliance upon the exclusionary rule with respect to seized evidence by the state courts at trial and on direct review." *Id*.

"The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). *See Mack v. Cupp,* 564 F.2d 898, 902 (9th Cir. 1977) ("error in a state appellate review of a fourth amendment claim does not necessarily justify habeas relief").  Thus, Petitioner's contention that the state courts decided his exclusionary rule claim wrongly, even if true, does not indicate the lack of a full and fair opportunity for a hearing.

Similarly, the fact that Petitioner's counsel may have been deficient in presenting the claim does not reflect that Petitioner was not afforded the necessary opportunity to litigate his claim.  The habeas petitioner denied effective assistance in asserting the exclusionary rule is not left without recourse.  He may bring the separate, albeit related, claim of ineffective assistance of counsel.  (Of course, subject to the exhaustion requirement as discussed hereinafter.)  *Stone* may not bar a claim of ineffective assistance founded upon failure to assert the exclusionary rule, *see Kimmelman v. Morrison*, 477 U.S. 365 (1986).  But an associated claim of ineffective assistance does not preserve an exclusionary rule claim from the *Stone* bar.

The record reflects that not only did Petitioner have a full and fair opportunity to litigate his exclusionary rule claims, but that he actually did avail himself of that opportunity.  Trial counsel filed a motion to suppress (Exhibit B), the trial court conducted a three day evidentiary hearing on the motion (Exhibit E, M.E. 12/21/10; Exhibit F, M.E. 1/3/11; Exhibit G, M.E. 1/18/11), appellate counsel raised the claim on direct appeal (Exhibit K), and the Arizona Court of Appeals analyzed the claim in a 12

page decision (Exhibit N).

Accordingly, Petitioner's Ground Four is not cognizable on this habeas review.

## B.  EXHAUSTION & PROCEDURAL DEFAULT

Respondents argue that Petitioner's state remedies on his claims in Grounds 1, 2, and 3, and parts of Ground 4 are procedurally defaulted, and thus are barred from federal habeas review.

### 1. Exhaustion Requirement

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

/ /

/ /

**2. Procedural Default**

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P. 32.4. (Answer, Doc. 9 at 12-13.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, no provision is made for a successive direct appeal. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** – Under Arizona's waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

<u>Waiver Bar</u> - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id*. That requirement is limited to those constitutional rights "that can only be waived by a defendant

personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071. Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance. *Id*.

Here, none of Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance similarly have at their core the kinds of claims not within the types identified as requiring a personal waiver.

<u>Timeliness Bar</u> - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

<u>Exceptions</u> - Rules 32.2(a) and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). See Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appears that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
>     (1) The newly discovered material facts were discovered after the trial.

10

>   (2) The defendant exercised due diligence in securing the newly discovered material facts.
>   (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
>
>   f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
>   g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
>   h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1(d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Here, Petitioner has long ago asserted the facts underlying his claims. Paragraph (f) has no application where the petitioner filed a timely notice of direct appeal. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's claims that were not fairly presented are all now procedurally defaulted.

### 3. Application to Petitioner's Claims

**a.  Grounds 1, 2 and 3– Ineffective Assistance** – In Grounds 1, 2 and 3, Petitioner argues that he was denied effective assistance of counsel. In his Petition, Petitioner concedes he did not present these claim to the Arizona Court of Appeals.

(Petition, Doc. 1 at 6, 7, 8.)  His Reply (Doc. 10) does not suggest otherwise.  At most, Petitioner argues that his "claims were presented as knowledge existed of them." (*Id.* at 9.)  Petitioner does not suggest when or how his claims were presented.

Indeed, the record reflects that Petitioner never fairly presented these claims to the Arizona Court of Appeals.  Petitioner presented no claims of ineffective assistance on direct appeal.  While he raised various claims of ineffective assistance in his Petition for Review in his PCR proceeding, none were the same as those now asserted.

**<u>Ground 1 – IAC re Withdrawn Plea</u>** - In Ground 1 of his Petition, Petitioner argues that trial counsel rendered ineffective assistance when his co-defendant went to trial and a proffered plea was withdrawn. (Petition Doc. 1 at 6.)

Petitioner's twelfth issue for review in his PCR PFR was an argument that the trial court erred in refusing to sever the trials of Petitioner and his co-defendant when Petitioner was prepared to enter into a plea agreement.  (Exhibit X at 4.)  While related, that claim is not the equivalent of the ineffective assistance claim Petitioner now asserts. "While [the ineffective assistance and underlying constitutional claim are] admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts." *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005).

**<u>Ground 2 – IAC re Failure to Object</u>** - In his Ground 2, Petitioner argues that he received ineffective assistance of counsel when counsel failed to mount an objection based upon arguments that the prosecutor "knew the arrest was not based on factual proof and that a plea offer had already been made." (Petition, Doc. 1 at 7.)

While Petitioner's PCR PFR did challenge the constitutionality of the searches, it did not address the validity of the arrest, nor assert a claim of ineffective assistance on that basis.  Petitioner did complain in ground 12 of that petition that he had been offered a plea agreement, but his claim in that ground was that the trial court should have granted him a separate trial.  (Exhibit X at 4.)  Petitioner did not assert that trial counsel was ineffective in that regard.

**Ground 3- IAC re Failure to Preserve Plea Offer** – In Ground 3, Petitioner argues that "the prosecutor offered his co-defendant probation, but she rejected the offer and Petitioner's attorney failed to preserve the plea agreement proffered to him in violation of his Sixth Amendment rights and rendered ineffective assistance in connection with evidence proffered at trial" (Petition, Doc. 1 at 8.)

As noted with Ground 2, Petitioner did argue in his PCR PFR that the trial court's failure to grant a separate trial resulted in the loss of plea agreement. But, again, Petitioner did not assert any ineffectiveness of counsel in regard to the plea agreement.

Petitioner also argued that trial counsel was ineffective for failing to challenge his sentencing, to object to the duplicity or multiplicity of the charges, failing to subpoena various officers, and failing to object to Petitioner's absence. (Exhibit X, PCR PFR at 1-5.) But he did not argue counsel was ineffective for failing to challenge evidence offered at trial.

**Summary** – Based upon the foregoing, the undersigned finds that Petitioner did not fairly present to the Arizona Court of Appeals the claims of ineffective assistance asserted in Grounds 1 through 3. For the reasons discussed hereinabove, Petitioner's state remedies on these claims are now procedurally defaulted.

**b. Ground 4 – Exclusionary Rule** – Respondents argue that portions of Ground 4 are procedurally defaulted. (Answer, Doc. 9 at 9-10.) Respondents argue that although Petitioner asserted a Fourth Amendment claim on direct appeal, "he did not argue, as he does now, that the evidence found at his residence was admitted at trial in violation of his Second and Sixth Amendment rights." (Answer, Doc. 9 at 15-16.) Respondents cite the Petition (Doc. 1) and the Court's service Order (Doc. 4) for their construction of the claim in Ground 4.

The Petition cites only the "6th and 14th Amendments." (Doc. 1 at 9.) The service Order summarized Ground 4 only as asserting a "violation of his Fourteenth Amendment rights." (Order 10/7/14, Doc. 4 at 2.) The undersigned has, hereinabove in Section

III(A), construed Petitioner's Ground 4 as asserting an exclusionary rule claim under the Fourth Amendment and Fourteenth Amendments, and not a claim under the Sixth Amendment.

Respondents' reference to the Second Amendment seems to flow from the word "and" in his reference to the amendments. Petitioner's handwriting could be mistaken for using "2nd" rather than "and."

Accordingly, in light of the construction given of Petitioner's Ground 4, the undersigned does not find any portion not fairly presented on direct appeal. Accordingly, Petitioner's state remedies on all of Ground 4 were properly exhausted.

## C. CAUSE AND PREJUDICE

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner attempts to explain his failure to present his claims to the Arizona Court of Appeals by pointing to: (1) the failure of trial counsel to file a motion to vacate judgment, pursuant to Arizona Rule of Criminal Procedure 24.2 based on the illegal

search (Petition, Doc. 1 at 6); (2) the failure of trial counsel to file a motion to vacate judgment based on the illegal traffic stop (*id.* at 7); and (3) and the failure of trial counsel to provide an adequate defense (*id.* at 8).

Constitutionally ineffective assistance of counsel may constitute cause for failing to properly exhaust claims in state courts and excuse procedural default. *Ortiz v. Stewart*, 149 F.3d 923, 932, (9th Cir. 1998). However, "[t]o constitute cause for procedural default of a federal habeas claim, the constitutional claim of ineffective assistance of counsel must first have been presented to the state courts as an independent claim." *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003). Moreover, the procedural default of Petitioner's claims did not result at trial, when a motion to vacate would have been appropriate, but in the PCR proceeding when trial counsel was no longer representing Petitioner.

Petitioner also makes general complaints about his lack of education and untrained status. (*See e.g.* Reply, Doc. 10 at 5.) The "cause and prejudice" standard is equally applicable to pro se litigants, *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986), whether literate and assisted by "jailhouse lawyers", *Tacho*, 862 F.2d at 1381; illiterate and unaided, *Hughes*, 800 F.2d at 909, or even non-English speaking. *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (9th Cir. 1988), *cert. denied*, 490 U.S. 1100 (1989).

**Summary re Cause and Prejudice** – Based upon the foregoing, the undersigned concludes that Petitioner has failed to establish cause to excuse his procedural defaults.

Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

**D.  ACTUAL INNOCENCE AS CAUSE**

Petitioner asserts that a miscarriage of justice has occurred.  (Reply, Doc. 10 at 9.)

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).  Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).  Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).  The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient.  Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Schlup*, 513 U.S. at 329.

Moreover, an actual innocence analysis is not limited to properly admitted evidence (*e.g.* evidence subject to Fourth Amendment exclusion should be considered).

> [T]he prisoner must "show a fair probability that, in the light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt."

*Kuhlmann v. Wilson*, 477 U.S. 436, 455, n. 17  (1986) (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U.Chi.L.Rev. 142, 160 (1970)).

Here, Petitioner proffers no new evidence of his actual innocence, and makes no showing that no reasonable juror would have found him guilty after consideration of all evidence, including that purportedly subject to exclusion under the Fourth Amendment exclusionary rule. Accordingly his procedurally defaulted and procedurally barred claims must be dismissed with prejudice.

**E. SUMMARY**

Petitioner's Grounds 1, 2 and 3 are procedurally defaulted. His Ground 4 is barred from consideration on habeas under *Stone v. Powell*. Consequently, the Petition should be dismissed with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed June 26, 2014 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days

1. within which to file a response to the objections.  Failure to timely file objections to any
2. findings or recommendations of the Magistrate Judge will be considered a waiver of a
3. party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*,
4. 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's
5. right to appellate review of the findings of fact in an order or judgment entered pursuant
6. to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-
7. 47 (9th Cir. 2007).

Dated: March 17, 2015

_____
James F. Metcalf
United States Magistrate Judge

14-1451r RR 15 02 04 on HC.docx